**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PAUL R. JAMES, Jr., | No. 24-939 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-00269-SLG |
| v. | |
| OFFICIAL'S BETHEL JAIL; ANDREW CARL, Correction Officer; KARGAS, Superintendent; WUYA, Correction Officer; ALASKA DEPARTMENT OF CORRECTIONS, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Submitted December 17, 2025**

Before:  PAEZ, CHRISTEN, and KOH, Circuit Judges.

Alaska state prisoner Paul R. James, Jr. appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims against prison officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed James's action because James failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Johnson v. Ryan*, 55 F.4th 1167, 1179-80 (9th Cir. 2022) (setting forth elements of a procedural due process claim); *Wood v. Beauclair*, 692 F.3d 1041, 1045-46, 1049-50 (9th Cir. 2012) (setting forth elements of a sexual harassment claim in the prison context); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (explaining that "verbal harassment generally does not violate the Eighth Amendment").

The district court did not abuse its discretion in denying James's motion for appointment of counsel because James did not establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**